IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELVIN E. HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | 2: 11-cv-0046 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF PITTSBURGH, | ) | |
| NATHAN HARPER, WILLIAM CHURILLA, | ) | |
| MAYOR LUKE RAVENSTAHL, | ) | |
| DAVID A. LINCOLN, CAROLYN HAMM, | ) | |
| and PAUL PAKOWSKI, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

Presently before the Court is DEFENDANTS JOINT MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6), with brief in support, filed by DEFENDANTS CITY OF PITTSBURGH, CITY OF PITTSBURGH POLICE OFFICERS WILLIAM CHURILLA and DAVID LINCOLN, PITTSBURGH POLICE CHIEF NATHAN HARPER, and CITY OF PITTSBURGH MAYOR LUKE RAVENSTAHL (Document Nos. 10 and 11), and the BRIEF IN OPPOSITION filed by Plaintiff, Melvin E. Harris (Document No. 12).

The Motion is now fully briefed and ripe for disposition.

### BACKGROUND

As the law requires, all disputed facts and inferences are resolved in favor of Plaintiff, the non-moving party. This lawsuit is brought pursuant to a complaint filed by *pro se* plaintiff, Melvin E. Harris. The factual allegations made in the Complaint are vague, rambling and difficult to understand. Plaintiff is apparently attempting to plead a cause of action under 42 U.S.C. § 1983, however, it is not clear what constitutional rights he alleges to have been violated.

1

To complicate matters, Plaintiff filed his Complaint using a pre-printed Prisoner Civil Rights Form, although the allegations in the Complaint do not appear to concern prison officials or prison conditions. Further, Plaintiff lists his address on the Complaint as "1 Kelly Drive, Coal Township, PA," which is the address for SCI Coal Township, a state correctional institution. Plaintiff also completed and signed an Authorization to allow funds to be taken from his prison account to pay for the filing fee. Plaintiff signed the Complaint and Authorization on January 2, 2011, and thus it appears that at the time he signed his Complaint, Plaintiff was a prisoner in state custody.

The Complaint was received in the Clerk's office via Certified Mail, Return Receipt Requested, on January 13, 2011 and filed that same date. The return address on the envelope lists Plaintiff's address as 1025 Faust St., Pittsburgh, PA 15204, which appears to be a private residence. The envelope is postmarked January 11, 2011 from Pittsburgh, PA. Also, a Check / Money Order in the amount of $350.00 in full payment of the filing fee was included with the Complaint. Accordingly, it appears that at the time the Complaint was filed, January 13, 2011, Plaintiff was no longer a prisoner in state custody.

Turning to the allegations of the Complaint, Plaintiff's first allegation stems from an incident in September 2006. Plaintiff was a passenger in a vehicle subjected to a traffic stop by Defendant Officer Lincoln, who then was a police officer for the Housing Authority of Pittsburgh. According to the Complaint, Officer Lincoln, along with other unnamed Housing Authority officers, assaulted Plaintiff and charged him with driving violations, tampering with evidence, and aggravated assault against the officers. As a result of these charges, Plaintiff was taken to prison for a parole violation and was kept there for thirteen (13) months before the charges were dismissed in October 2007.

Plaintiff next alleges that after his release from prison, he attempted to pursue a lawsuit against Officer Lincoln (now with the City of Pittsburgh Police Department); however, because of threats made against him by Officer Lincoln, Plaintiff was not able to pursue the lawsuit. Plaintiff alleges that "two week (sic) after my release Det. Lincoln held me at gun point and stated that, "I didn't mean for 'you' to go to prison for 'that' long. I was after Terrell Childs aka "Nino"! However, I can make your life hell again if you pursue legal action against me." Complaint at 3.

The Complaint next states that after multiple run-ins with Officer Lincoln, Plaintiff filed a "complaint" against him at the "City-County building." The Complaint filed in this Court does not state the date of the filing of the complaint, whether the complaint was written or oral, or whether the complaint was filed with the police department or in the Allegheny County Court of Common Pleas. Basically, the Complaint is devoid of any factual information about this "complaint." Plaintiff alleges that "the threats he used toward me end up expiring my 2 year window to file a civil suits against Officer Lincoln of Housing Authority. Once Det. Lincoln began to call me, text message me I knew something has to be done. While waiting to be contacted for the complaint I filed which I was told takes 10 days! I was arrested on the 7th day waiting by Det. William Churilla with more physical injuries and threats." Complaint at 3. The Complaint gives no information as to the date of Plaintiff's arrest or the reason for his arrest. It appears from a reading of the Complaint though that the complaint and subsequent arrest occurred sometime in 2007.

Plaintiff's final allegation involves an alleged traffic stop which occurred in February 2009, after Plaintiff had "recently filed a harassment complaint against Det. Churilla and Det. Lincoln." Complaint at 4. On that date, Officer William Churilla allegedly pulled Plaintiff

3

pulled him from his vehicle and Plaintiff was then assaulted by numerous officers, handcuffed, and stripped naked in the middle of Bedford Avenue.  The Complaint further states that "once they dressed me and brushed the gravel from my face Det. Churilla stated 'that's for filing a complaint against 'Linc' and 'I.'  I pled my case of injustice to a sgt. on the scene who said, 'you know what this for!"  Complaint at 4, Paragraph IV (c).

Paragraph III of the Complaint states that the Defendants have violated the following federal laws:  "racial profiling, retaliation, cruel and unusual punishment, violations of 5th, 6th and 8th amendment, negligence."  Complaint at Paragraph III.  Defendants argue that "even though Plaintiff lists a number of Constitutional Amendments in his Complaint, the claims against [these Defendants] appear to allege only a claim of excessive force." Br. at 6.

At first blush, it does appear that Plaintiff is attempting only to state a claim for excessive force within the meaning of the Fourth Amendment.  However, upon a closer reading of the Complaint, it appears to the Court that Plaintiff also may be attempting to state a claim for First Amendment retaliation.

### STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the complaint.  The United States Supreme Court has held that "[a] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (207) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alterations in original).

4

The Court must accept as true all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. However, as the Supreme Court made clear in *Twombly*, the "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The Supreme Court has subsequently broadened the scope of this requirement, stating that only a complaint that states a ***plausible*** claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1950 (2009) (emphasis added).

Thus, after *Iqbal*, a district court must conduct a two-part analysis when presented with a motion to dismiss for failure to state a claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the Court must separate the factual and legal elements of the claim. *Id.* Although the Court "must accept all of the complaint's well-pleaded facts as true, [it] may disregard any legal conclusions." *Id.* at 210-211. Second, the Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Id.* at 211 (citing *Iqbal* 129 S. Ct. at 1949). The determination for "plausibility" will be "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* at 211 (quoting *Iqbal* 129 S. Ct. at 1950).

As a result, "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." *Id.* at 211. That is, "all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible. This then 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at 210 (quoting *Iqbal*, 129 S. Ct. at 1948).

5

However, nothing in *Twombly* or *Iqbal* changed the other pleading standards for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and the requirements of Fed. R. Civ. P. 8 must still be met. *See Phillips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal citations omitted). Fed. R. Civ. P. 8 requires a showing, rather than a blanket assertion, of entitlement to relief, and "contemplates the statement of circumstances, occurrences, and events in support of the claim presented and does not authorize a pleader's bare averment that he wants relief and is entitled to it." *Twombly*, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Additionally, the Supreme Court did not abolish the Fed. R. Civ. P. 12(b)(6) requirement that "the facts must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on those merits." *Phillips,* 515 F.3d at 231(citing *Twombly*, 550 U.S. at 553).

The Court is mindful that the sufficiency of a *pro se* pleading must be construed liberally in favor of Plaintiff, even after *Iqbal*. *See Erickson v. Pardus*, 551 U.S. 89 (2007). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002).

### DISCUSSION

Generally, 42 U.S.C. § 1983 does not create substantive rights, but rather provides a remedy for a violation of rights created by federal law or the Constitution of the United States. 42 U.S.C. § 1983; *City of Okl. City v. Tuttle*, 471 U.S. 808, 816, (1985). Title 42, United States Code, section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to

6

> be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To establish a Section 1983 claim, a plaintiff "must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation [violation of a right] was committed by a person acting under the color of state law." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).

### A. 2006 and 2007 Claims Are Barred by the Statute of Limitations

It is well established that there is no independent statute of limitations for bringing a claim under 42 U.S.C. § 1983 in federal court. Instead, the forum state's statute of limitations for personal injury applies to claims filed under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 276-78 (1985); *Sameric Corp. of Del., Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). The statute of limitations for personal injury in Pennsylvania is two years. *See* 42 Pa. Cons. Stat. Ann. § 5524. Under federal law which governs the accrual of § 1983 claims, "the limitations period begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action." *Montgomery v. DeSimone*, 159 F.3d 120, 126 (3d Cir. 1998).

In this case, Plaintiff alleges that Defendants violated his constitutional rights in 2006, 2007, and February 2009. The Complaint was filed on January 13, 2011, more than four years after the alleged incidents which occurred in September 2006 and 2007. Accordingly, the Court finds that all of Plaintiff's claims which arise from incidents in 2006 and 2007 are untimely and will be dismissed with prejudice because any amendment to the Complaint would be futile.

B.  Claims Against the City of Pittsburgh

Defendants argue that Plaintiff's claims against the City of Pittsburgh should be dismissed because Plaintiff has failed to allege that the harm he allegedly suffered was a result of an official policy or custom of the City of Pittsburgh. In order to state a claim against a municipality under § 1983, *i.e.*, a *Monell* claim, a plaintiff must allege in the complaint a policy or custom that deprived him or her of a federally protected right. *Bd. of the Cty. Commc'ns v. Brown*, 520 U.S. 397, 404 (1997); *Berg v. County of Allegheny*, 219 F.3d 261, 275 (3d Cir. 2000). A municipal policy exists "when 'a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict." *Berg*, 219 F.3d at 276 (3d Cir. 2000) (*quoting Kneipp v. Tedder*, 95 F.3d 1199, 1212 (3d Cir. 1996)); *see also Monell*, 436 U.S. at 691 ("[A] municipality cannot be held liable solely because it employs a tortfeasor-or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory.").

The Complaint is completely devoid as to any allegation that the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the officers of the City of Pittsburgh. *Monell,* 436 U.S.at 690. Under these circumstances, the Court finds that Plaintiff has failed to state a plausible *Monell* claim against the City of Pittsburgh and any such claims will be dismissed. However, the Court will permit Plaintiff to amend his Complaint to cure the shortcomings of his initial pleading inasmuch as the Court hesitates at this stage to litigation to find such an amendment would be inequitable or futile. *See Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008).

C. <u>Claims Against Pittsburgh Police Chief Nathan Harper and City of Pittsburgh Mayor Luke Ravenstahl</u>

In order for a defendant to be liable under § 1983, he must have participated in or had personal knowledge of and acquiesced in the actions which deprived plaintiff of his constitutional rights. *Hodgin v. Roth*, 536 F. Supp. 454, 460 (E.D.Pa. 1982). In other words, when a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. *Chinchello v. Fenton*, 805 F.2d 1267, 133 (3d Cir. 1986). Plaintiff does not allege that either Police Chief Harper or Mayor Ravenstahl had personal knowledge or played an affirmative part in the misconduct of which Plaintiff complains. In fact, the Complaint contains no allegations against either Police Chief Harper or Mayor Ravenstahl. Their names appear only in the caption of the Complaint.

The mere fact that Defendant Harper is the Chief of Police and/or that Defendant Ravenstahl is the Mayor of the City of Pittsburgh is not sufficient to find either liable as there is no respondeat superior liability in § 1983 cases. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3rd Cir. 1976).

Accordingly, any claims against Defendant Harper and Defendant Ravenstahl will be dismissed. However, the Court will permit Plaintiff to amend his Complaint to cure the shortcomings of his initial pleading.

D. <u>Claims Against Pittsburgh Police Officers William Churilla and David Lincoln</u>

The Court is having difficulty ascertaining the precise contours of the claims that Plaintiff asserts against Officers Churilla and Lincoln. Plaintiff appears to be conflating several distinct legal claims, i.e., excessive force, negligence, and retaliation to name a few.

The use of excessive force by law enforcement officials in making an arrest may give rise to a claim under 42 U.S.C. § 1983 for a violation of the Fourth Amendment. "In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." *Graham v. Connor*, 490 U.S. 386, 394 (1989). "To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable." *Curley v. Klem*, 499 F.3d 199, 203 n.4 (3d Cir. 2007). "The test of reasonableness under the Fourth Amendment is an objective one." *Los Angeles County, California v. Rettele*, 550 U.S. 609 (2007). Proper application of the reasonableness standard "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempt to evade arrest by flight." *Graham*, 490 U.S. at 396. Other relevant factors include "the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time." *Sharrar v. Felsing*, 128 F.3d 810, 822 (3d Cir. 1997).

The problem with the Complaint in this case is that it does not state sufficient facts to show that the use of force during Plaintiff's 2009 arrest was excessive. The Complaint only states that Detective Churilla pulled him over for a traffic stop. Because nothing in the Complaint sheds light on Detective Churilla's actions during the stop, or in what way Plaintiff was harmed, Plaintiff's allegations do not assert an excessive force claim against Officer Churilla under § 1983. Further, it does not appear that Officer Lincoln was even present at the scene at the time of the February 2009 traffic stop. Plaintiff has provided little or nothing in the

way of factual allegations to support his contention that liability should be imposed on either Detective Churilla or Detective Lincoln for the events of February 9, 2009. In the wake of *Twombly*, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level" and the complaining party must offer "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. The Court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (internal quotations and citations omitted.)

"[E]xcessive force is a term of art denoting an act of assault or battery by law enforcement officials committed in the course of their duties." Dist. of Columbia v. Tinker, 691 A.2d 57, 64 (D.C. 1997). "[T]here is no such thing as a negligent assault." Sabir v. Dist. of Columbia, 755 A.2d 449, 452 (D.C. 2000). When a plaintiff alleges excessive force by a police officer and adds a negligence claim, the "negligence must be distinctly pled and based upon at least one factual scenario that presents an aspect of negligence apart from the use of excessive force itself and violative of a distinct standard of care." Dist. of Columbia v. Chinn, 839 A.2d 701, 711 (D.C. 2003). Accordingly, any negligence claim must be based on facts that are different from the alleged excessive force claim and any negligence claim must also arise from the breach of a standard of care that is different and distinct from the alleged excessive force. The Complaint fails in this regard. The Complaint contains no allegations that the police officers breached a duty of care upon which relief can be granted for a cause of action sounding in negligence.

To establish a First Amendment retaliation claim predicated on 42 U.S.C. § 1983, a plaintiff must prove the following elements: (i) that he engaged in constitutionally protected

conduct; (ii) that the government responded with retaliation; and (iii) that the protected activity caused the retaliation. *Eichenlaub v. Township of Indiana*, 385 F.3d 274, 282 (3d Cir. 2004). Here, it is unclear whether Plaintiff filed a formal complaint against either Officer Lincoln or Officer Churilla or whether Plaintiff used informal channels and whether Plaintiff's conduct is protected by the First Amendment. Accordingly, the Court finds that the Complaint as currently drafted fails to state a First Amendment claim upon which relief can be granted.

In the absence of anything more than unsupported conclusions and unwarranted inferences, the excessive force, negligence, and retaliation claims against Defendants Churilla and Lincoln will be dismissed in their entirety. However, the Court will permit Plaintiff to amend his Complaint to cure the shortcomings of his initial pleading inasmuch as the Court hesitates at this stage to litigation to find such an amendment would be inequitable or futile. *See Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008).

Although Plaintiff claims his Eighth Amendment right to be free from cruel and unusual punishment was violated, the Complaint clearly states no such claim. In order to establish an Eighth Amendment violation, a plaintiff is required to show that he was incarcerated under conditions posing a substantial risk of serious harm and that the defendants deliberately disregarded the risk. *See Farmer v. Brennan*, 511 U.S. 825 (1994). The instant Complaint contains no allegations relating to prison officials or prison conditions. Accordingly, Plaintiff's claims brought under the 8th Amendment are dismissed with prejudice as frivolous because any amendment to the Complaint would be futile.

Plaintiff's Fifth and Sixth Amendment claims are similarly without merit. The Complaint fails to show how either the Fifth or the Sixth Amendments apply to the facts as alleged in this case and further, the Complaint does not set forth any facts that a Fifth or Sixth

Amendment violation has occurred. Accordingly, the Court finds that because the Complaint has failed to state a valid claim under either the Fifth and/or Sixth Amendments, these claims must be dismissed with prejudice.

E. Punitive Damage Claims

It is well established that a municipality, such as the City of Pittsburgh, may not be held liable for punitive damages. *See City of Newport v. Facts Concerts Inc.*, 453 U.S. 247 (1981). Thus, the punitive damages claim brought by Plaintiff against the City of Pittsburgh will be dismissed with prejudice because any amendment to the Complaint would be futile.

F. Failure to Effect Proper Service

Plaintiff filed his Complaint on January 13, 2011. On August 2, 2011, the Court ordered that Plaintiff show good cause why the Complaint should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) as Plaintiff had failed to serve the summons and complaint upon any defendant within 120 days after the filing of the Complaint. Plaintiff filed a timely response in which he explained that he was "under the impression that the courts would serve the defendants due to the petitioner's safety and lack of resources." (Document No. 3.) On August 22, 2011, the Court issued a Memorandum Opinion and Order in which it dissolved the show cause Order and ordered Defendant to properly effectuate service upon Defendants on or before September 28, 2011. Plaintiff was cautioned that failure to do so would result in his case being dismissed without prejudice.

Defendants in essence are requesting the Court to reconsider its decision of August 22, 2011, which granted Plaintiff an extension of time for service. Federal Rule of Civil Procedure

4(m) specifically provides that "if the plaintiff shows good cause for the failure, the court <u>must</u> extend the time for service for an appropriate period." Fed.R.Civ.P. 4(m) (emphasis added). The Court finds and rules that Defendants have presented no extraordinary circumstances or arguments which meet the high standard required to justify reconsideration. Accordingly, Defendants' request to dismiss the Complaint for failure to effectuate proper service will be denied.

### G. Leave to Amend the Complaint

If a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002). The district court may dismiss the action if the plaintiff does not file an amended complaint or if the plaintiff files a notice of his or her intent to stand on the complaint as filed.

Accordingly, Plaintiff will be granted leave to amend his Complaint if he so chooses. If Plaintiff chooses to file an amended complaint, he should: (1) plead sufficient facts to state a *Monell* claim against the City of Pittsburgh; (2) plead sufficient facts to establish that Pittsburgh Police Chief Nathan Harper and/or City of Pittsburgh Mayor Luke Ravenstahl participated in or had personal knowledge of and acquiescenced in the actions which allegedly deprived Plaintiff of his constitutional rights; (3) plead sufficient facts to state an excessive force claim with respect to the incident which allegedly occurred on February 9, 2009; (4) plead sufficient facts to state a separate negligence claim with respect to the incident which allegedly occurred on February 9, 2009, and (5) plead sufficient facts to state a First Amendment retaliation claim with respect to the incident which allegedly occurred on February 9, 2009.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss will be granted. An appropriate Order follows.

McVerry, J.

# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELVIN E. HARRIS, ) | |
| ) | |
| Plaintiff, ) | 2: 11-cv-0046 |
| ) | |
| v. ) | |
| ) | |
| CITY OF PITTSBURGH, ) | |
| NATHAN HARPER, WILLIAM CHURILLA, ) | |
| MAYOR LUKE RAVENSTAHL, ) | |
| DAVID A. LINCOLN, CAROLYN HAMM, ) | |
| and PAUL PAKOWSKI, ) | |
| ) | |
| Defendants. ) | |

## ORDER OF COURT

AND NOW, this 18th day of November, 2011, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED AND DECREED that the Joint Motion to Dismiss filed by Defendants City of Pittsburgh, City of Pittsburgh Police Officers William Churilla and David Lincoln, Pittsburgh Police Chief Nathan Harper, and City of Pittsburgh Mayor Luke Ravenstahl is **GRANTED**.

It is further **ORDERED** that, on or before **December 1, 2011**, Plaintiff may file an amended complaint to correct the noted deficiencies in his original complaint, or file a notice of intent to stand on the current complaint.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:    Melvin E. Harris
1025 Faust Street
Pittsburgh, PA 15204
(via U.S. Mail and Certified Mail, Return Receipt Requested)

Michael E. Kennedy, Esquire
City of Pittsburgh Department of Law
Email: michael.kennedy@city.pittsburgh.pa.us